CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
RW
FEB 07 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES A. YOUNGER,<br>Petitioner, | )<br>) Civil Action No.7:05cv00539<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE JOHNSON, DIRECTOR<br>DEPARTMENT OF CORRECTIONS,<br>Respondent. | )<br>) By: Jackson L. Kiser<br>) Senior United States District Judge |

Petitioner Charles A. Younger brings this 28 U.S.C. § 2254 action challenging his conviction for robbery and use of a firearm in the commission of a robbery. Younger alleges that the evidence was insufficient to support his conviction and that counsel was ineffective both at trial and on appeal. This matter is before the court on the respondent's motion to dismiss. The court finds that the Younger's claim regarding the sufficiency of the evidence lacks merit and that his claims of ineffective assistance of counsel have been adjudicated on the merits during state court proceedings and the decisions rendered were not contrary to established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of fact. Therefore, the court grants respondent's motion to dismiss.

I.

Following extensive witness testimony and forensic evidence, a judge in the Circuit Court Pittsylvania County, convicted Younger on one count of robbery and one count of the use of a firearm in the commission of a robbery; he was sentenced to 23 years. During the trial, witnesses testified that a man matching Younger's general description was at the scene of the crime, the perpetrator wore a black jacket and a black "doo rag" which was discovered in the woods into which the perpetrator fled, DNA analysis of that clothing confirmed that Younger had worn the

clothing, and that Younger was seen in the vicinity of the area where the stolen money was recovered. Further, several witnesses picked Younger's photograph from a photograph array and another witness testified that Younger alluded to having committed the robbery. Additionally, the defense stipulated that the clothing recovered from the woods into which the perpetrator fled was Younger's. Younger appealed his conviction to the Court of Appeals of Virginia, but his petition for appeal and petition for rehearing were denied on March 20, 2003, and July 31, 2003, respectively. The Supreme Court of Virginia refused Younger's petition for an appeal on December 4, 2003.

Younger filed a petition for habeas corpus in the Circuit Court of Pittsylvania County alleging that counsel was ineffective for failing to investigate DNA evidence prior to the trial, for failing to object or challenge the introduction of a certificate of analysis which contained "no conclusions" regarding petitioner's guilt, for failing to cross-examine the lab technician who conducted the analysis, for failing to object to or challenge the "dog tracking" evidence, and for failing to appeal the issue of the suggestive photograph used for pretrial identification. The court found that Younger could not satisfy either prong of Strickland v. Washington, 466 U.S. 668, 669 (1984), with regards to these claims. The court found that as a matter of fact, prior to the trial counsel had throughly investigated and discussed all DNA evidence with Younger and developed a trial strategy as to how to handle that evidence. Further, the court found that counsel had a reasonable trial strategy which focused on undermining the witnesses' ability to identify Younger. And, as Younger admitted that the black jacket and "doo rag" found in the woods into which the perpetrator fled were his and he had worn them, a line of questioning pertaining to the use a tracking dog to discover these items, the chain of custody once these items were

2

discovered, and the testing of these items, would not have furthered this defense strategy. Accordingly, the court found that any act or admission related to the decision not to raise issues regarding these matters could have reasonably been the result of trial strategy and, thus, were not actionable. As to Younger's claim that counsel was ineffective for failing to raise on appeal the issue of the suggestive photographic lineup, citing Jones v. Barnes, 463 U.S. 745, 751-54 (1983), the court found that counsel had no duty to raise every non-frivolous issue on appeal. Rather, counsel could focus on what counsel believed to be the best issue on appeal, which counsel believed in this instance to be the sufficiency of the evidence. Accordingly, on January 31, 2005, the court denied his petition. The Supreme Court of Virginia refused his petition for appeal.

In his instant § 2254 motion, Younger claims that the evidence was insufficient to support his conviction and that counsel provided ineffective assistance by failing to investigate the DNA evidence prior to the trial, by failing to object to the certificate of analysis, by failing to challenge the "dog tracking evidence," and by failing to raise on appeal the issue of the impermissibly suggestive photograph.

## II.

Younger claims that his conviction rests on insufficient evidence. When adjudicating a claim of insufficient evidence, federal courts must review the record in the light most favorable to the prosecution and deduce whether a rational trier of fact readily could have found the petitioner guilty beyond a reasonable doubt of the essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Conflicts in the evidence are resolved in favor of the prosecution. Id. at 319. In rendering a verdict, the court had before it ample forensic evidence, as well as testimony that a man matching Younger's general description was at the scene of the

3

crime, Younger owned and wore the clothing which was recovered during the search for the perpetrator, and Younger was seen in the vicinity of the area where the stolen money was recovered. Further, Younger's photograph had been picked out by several witnesses and another witness testified that Younger had alluded to committing the robbery. In light of this body of evidence, a rational trier of fact could have and did find Younger guilty beyond a reasonable doubt. Accordingly, I find this claim must be dismissed.

### III.

As Younger's claims regarding ineffective assistance of counsel have been adjudicated on the merits in the Virginia state courts[1], a writ may only issue if Younger demonstrates that the state courts' decisions were either contrary to or involved an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d)(1-2); see Williams v. Taylor, 529 U.S. 362, 364-5 (2000). The court finds that these adjudications were not contrary to clearly established law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court dismisses the claims.

The Circuit Court of Pittsylvania County denied all of Younger's claims that counsel provided ineffective assistance during the trial and appellate stages by failing to investigate the DNA evidence prior to the trial, by failing to object to the certificate of analysis, by failing to challenge the "dog tracking evidence," and by failing to raise on appeal the issue of the impermissibly suggestive photograph. The court found that as a matter of fact that counsel

---

[1]The Supreme Court of Virginia declined Younger's petition for appeal of the Circuit Court's adjudication of his state habeas petition. Accordingly, this court examines the last adjudication of the claims on the merits, which was in the Circuit Court of Pittsylvania County. See Slavek v. Hinkle, 2005 WL 588852 (E.D. Va.)(citing Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991)).

4

developed a reasonable trial strategy of undermining the witnesses' ability to identify Younger as the perpetrator of the crime and, therefore, found that the alleged deficiencies in counsel's performance during trial could reasonably be considered to be the result of the implementation of that strategy. Accordingly, the court found that Younger failed to show deficient performance or prejudice under Strickland, 466 U.S. at 687. Further, citing Jones, 463 U.S. at 751-52, the court found that counsel's failure to raise on appeal the issue of the suggestive photograph was merely another tactical decision and did not support a finding of ineffective assistance. As the court applied the correct Supreme Court precedent and did so in a reasonable fashion, I find these claims must be dismissed.

## IV.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This ___7th___ day of February, 2006.

Senior United States District Judge

5